IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL DUANE KOON,  )
          Plaintiff,  )
    -vs-  ) Civil Action No. 13-210E
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 9). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 8).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed his application for disability insurance benefits on December 16, 2010, alleging he had been disabled since September 1, 2008. (ECF No. 5-5, p. 2). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on March 13, 2012. (ECF No. 5-2, pp. 23-49). On March 29, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 11-22). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 6 and 8).

1

The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Residual Functional Capacity (RFC)[1]

Plaintiff essentially argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 7, pp. 3-5). Additionally, Plaintiff argues that the testimony of the vocational expert (VE) supports a finding of disability. *Id.* at p. 5. Therefore, Plaintiff contends that the opinion of the ALJ should be reversed. *Id.* at p. 5. After a review of the evidence, I disagree.

### 1. Subjective Complaints of Pain

Plaintiff argues that the ALJ erred in improperly evaluating his subjective complaints of pain and fatigue. (ECF No. 7, pp. 3-4). In determining if a Plaintiff is disabled, the ALJ must

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

3

consider all symptoms, including pain, "and the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone, however, does not establish a disability. *Id.*

As the ALJ in this case stated, he must follow a two-step process: First, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms; and, second, the ALJ must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (ECF No. 5-2, p. 15). Allegations of pain must be consistent with objective medical evidence, and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r of Social Sec. Admin.,* 220 F.3d 112, 121 (3d Cir. 2000).

In this case, the ALJ explained his reasons for discrediting Plaintiff's subjective testimony and pointed to other medical and non-medical evidence of record that was not consistent with Plaintiff's subjective complaints. *See,* ECF No. 5-2, pp. 18-21. I have reviewed the same and found the ALJ's reasons to be supported by substantial evidence. *Id.* As a result, there is substantial evidence to support the ALJ's conclusion that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not credible. *Id.* Therefore, I find no error in this regard.

Plaintiff, in one sentence, also states that his "grandmother, whose testimony was not in any way discredited, supported Plaintiff's testimony that he stays in his room most of the time." (ECF No. 7, p. 4). While it is true that the ALJ did not state that he found Plaintiff's grandmother's testimony to be not credible; he did find that it was not supportive of a more restrictive finding than that of sedentary work with restriction. (ECF No. 5-2, pp. 20-21). After a review of the evidence, I find there is substantial evidence to support the ALJ's finding with regard to Plaintiff's grandmother's testimony. *Id.* Therefore, I find no error in this regard.

4

## 2. Vocational Expert

Plaintiff argues that the ALJ erred in failing to accept the testimony of the vocational expert that there are no jobs available "for a person who would miss two days of work per month." (ECF No. 7, p. 5). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). The record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments and it was appropriate for him to accept the testimony in response from the vocational expert. Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL DUANE KOON,  )
                     )
        Plaintiff,   )
                     )
    -vs-             )        Civil Action No. 13-210E
                     )
CAROLYN W. COLVIN,   )
COMMISSIONER OF SOCIAL SECURITY, )
                     )
        Defendant.   )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 5th day of May, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 6) is denied and Defendant's Motion for Summary Judgment (Docket No. 8) is granted.

                               BY THE COURT:

                               s/ Donetta W. Ambrose
                               Donetta W. Ambrose
                               United States Senior District Judge